IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>1. NORTHWEST PETROLEUM, LP, d/b/a BURGER KING,<br><br>    Defendant. | CIVIL ACTION NO. CIV-18-703-F<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Manuelito Kinley. As alleged with greater particularity below, Manuelito Kinley has an intellectual disability caused by a traumatic brain injury. He applied for a position as a dining room attendant at Defendant's Burger King restaurant. Kinley was qualified for the position and had performed similar duties at previous employers. Because of his disability, Kinley needed a job coach to assist with his new employee training for the first few days of his employment. Northwest Petroleum refused to provide him a reasonable accommodation by allowing him to use a job coach and refused to hire him because of his disability, in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Northwest Petroleum, LP (the "Employer"), has continuously been a Texas limited partnership doing business in the State of Oklahoma and the City of Lawton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Manuelito Kinley filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On February 14, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 9, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Manuelito Kinley has a traumatic brain injury which substantially limits his brain function and has significantly impaired his cognitive ability, his ability to communicate and his ability to learn.

12. After his traumatic brain injury, Kinley has successfully held jobs at fast foods restaurants after he was trained for his position by a job coach. After his training, he effectively performed all the duties of his positions without further assistance from his job coach.

13. In the Spring 2016, Kinley's job coach was Barbara Harris. She assisted Kinley in applying for work and with any on-the-job training that was required by his employment.

14. Harris was employed by Community Access, Inc., and provided her services to Kinley without any charge to him or his employers.

15.     In June 2016, Harris helped Kinley to apply on-line for employment with Defendant at its Lawton, Oklahoma Burger King restaurant.

16.     As part of its hiring process, Defendant interviewed Kinley on or about June 10, 2016, at its Lawton Burger King restaurant.

17.     Harris was present at the interview to facilitate with communications between Kinley and Defendant's manager who conducted the interview.

18.     At the conclusion of the interview, Defendant's manager told Kinley and Harris that Kinley would be hired as a dining room attendant and described the clothing that he should wear to work.

19.     Harris then informed Defendant's manager that Kinley would need a job coach to assist with his training during the period when he would be taught his job duties and that she would perform those duties without any expense to Defendant.

20.     Defendant's manager responded that she did not know if Defendant would allow Kinley to have a job coach and that she would have to check with her regional manager.

21.     Over the course of the next several days, Harris contacted Defendant's manager to inquire about its employment of Kinley, but Defendant and its agents were evasive and refused to employ Kinley.

22.     Kinley filed a charge of discrimination with the EEOC alleging Defendant discriminated against him on the basis of disability when it refused to employ him.

23.     In response to Kinley's charge, Defendant asserted that it had not offered him a job and that it could not employ Kinley because it could not allow persons "behind the counter" who were not one of its employees and it did not provide or employ job coaches.

24. Defendant allows numerous individuals who are not its employees "behind the counter," including delivery personnel, repairmen, and other persons.

25. Many of Kinley's duties as a dining room attendant would not have been performed "behind the counter."

26. There were areas at Defendant's Lawton Burger King restaurant suitable for training that were not "behind the counter."

27. Defendant failed and refused to hire or employ Kinley for any position.

## COUNT I

### (ADA – Failure to Hire)

28. Paragraphs 1 through 27 are realleged and incorporated by reference as though fully set forth herein.

29. Defendant has engaged in unlawful employment practices at its Lawton, Oklahoma, restaurant, in violation of Section 102 of Title I of the ADA, 42 U.S.C.§12112(a) and (b) by failing to hire Kinley, a qualified individual with a disability, because of his disability.

30. Kinley is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Kinley has an impairment, traumatic brain injury, that substantially limits one or more major life activities and the operation of a bodily organ, his brain.

31. The effect of the practices complained of herein has been to deprive Kinley of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his disability.

32. The unlawful employment practices complained of herein were intentional.

33.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Kinley.

## COUNT II

### (ADA – Failure to Hire Because of a Need for a Reasonable Accommodation)

34.     Paragraphs 1 through 27 are realleged and incorporated by reference as though fully set forth herein.

35.     Defendant has engaged in unlawful employment practices at its Lawton, Oklahoma, restaurant, in violation of Section 102(a) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5)(B) by refusing to hire Kinley, a qualified individual with a disability, because he needed a reasonable accommodation for his disability.

36.     Providing Kinley with a reasonable accommodation of allowing him to use a job coach to help him learn the duties of his new job would not have imposed an undue hardship on the operation of Defendant's business.

37.     The effect of the practices complained of herein has been to deprive Kinley of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his disability.

38.     The unlawful employment practices complained of herein were intentional.

39.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to the federally protected rights of Kinley.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to employ a qualified individual with a disability because he or she needs a job coach to learn the duties of their position.

B.   Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to provide to a qualified individual with a disability as a reasonable accommodation authorization for the services of a job coach to enable such qualified individual with a disability to learn the duties of their position.

C.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.   Order Defendant to make whole Manuelito Kinley, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place instatement of Manuelito Kinley.

E.   Order Defendant to make whole Manuelito Kinley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F.   Order Defendant to make whole Manuelito Kinley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above,

including emotional pain and suffering, humiliation, embarrassment, loss of self-esteem, anxiety, stress, and loss of enjoyment of life, in amounts to be determined at trial.

  G. Order Defendant to pay Manuelito Kinley punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        JAMES L. LEE
        Acting General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        ANDREA G. BARAN
        Regional Attorney

        C. FELIX MILLER
        Supervisory Trial Attorney

        s/ Patrick J. Holman
        PATRICK J. HOLMAN, OBA # 21216
        Senior Trial Attorney,
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION,
        Oklahoma City Area Office,
        215 Dean A. McGee, Ste.524,
        Oklahoma City, Oklahoma   73102
        Tel. No.: (405) 231-4363
        Fax No.: (405) 231-4375
        Email: patrick.holman@eeoc.gov

        **ATTORNEY FOR PLAINTIFF EEOC**